IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GROUT DOCTOR GLOBAL FRANCHISE, a Nevada Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC C. TIRADO, ERICA L. TIRADO, TIRADO ENTERPRISES, THE GROUT PRO,<br><br>    Defendants. | Case No. 2:09-CV-451-DB<br><br>**REPORT AND RECOMMENDATION** |

Before the court is a Motion to Dismiss filed by pro se Defendants Eric C. Tirado and Erica L. Tirado. (Docket Entry #10.) Also before the court is Plaintiff's Motion to Strike Defendants' Motion to Dismiss (Docket Entry #14) and Plaintiff's Motion to Dismiss Answer and Enter Default Judgment against Tirado Enterprises (Docket Entry #16).

## BACKGROUND

Plaintiff filed its complaint on May 15, 2009, and the case was assigned to United States Magistrate Judge David Nuffer. (Docket Entry #1.) On August 10, 2009, Defendant Eric C. Tirado filed an answer "as President of and on behalf of Defendant Tirado Enterprises, Inc." (Docket Entry #9, at 1.)

On August 10, 2009, Defendants Eric and Erica Tirado filed their Motion to Dismiss.  (Docket Entry #10.)  Plaintiff filed its memorandum opposing the motion on August 14, 2009.  (Docket Entry #13.)  That same day, Plaintiff also filed its Motion to Strike the Motion to Dismiss along with a supporting memorandum (Docket Entries #14, 15), and its Motion to Dismiss Answer and Enter Default Judgment against Defendant Tirado Enterprises along with a supporting memorandum (Docket Entries #16, 17).

On September 1, 2009, the case was reassigned to United States District Judge Dee Benson.  (Docket Entry #18.)  That same day Judge Benson referred the case to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B).  (Docket Entry #19.)

## ANALYSIS

Because Defendants are proceeding pro se, the court construes their pleadings liberally and holds their pleadings to a less stringent standard than formal pleadings drafted by lawyers.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).  A liberal treatment of Defendants' pleadings does not dismiss the requirement that pro se litigants "'follow the same rules of procedure that govern other litigants.'"  *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).  Furthermore, Defendants must raise their own arguments and argue their own case; it is not "the

2

proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court now turns to the motions before it.

### A. Motion to Dismiss

The court first addresses Defendants Eric and Erica Tirado's Motion to Dismiss. Defendants' one and one-half page motion, which is not accompanied by a supporting memorandum, argues that the claims against these two individual defendants should be dismissed because they have assigned their interests under the Franchise Agreement at issue in this case. (Docket Entry #10.) Attached to Defendants' motion is a one-page Assignment which purports to assign the Grout Doctor Franchise Agreement from Assignors Eric and Erica Tirado to Assignees Tirado Enterprises, Inc., and Eric and Erica Tirado. (Docket Entry #10, at 3.)

The court first acknowledges that the factual allegations of Defendants' Motion to Dismiss are not based upon Plaintiff's complaint but upon additional factual allegations. "'A motion to dismiss pursuant to Rule 12(b)(6) is treated as a motion for summary judgment when premised on materials outside the pleadings, and the opposing party is afforded the same notice and opportunity to respond as provided in Rule 56.'" *Salehpoor v. Shahinpoor*, 358 F.3d 782, 785 (10th Cir. 2004), *quoting Hall v. Bellmon*, 935 F.2d 1106, 1110-11 (10th Cir. 1991). As a result, the court treats Defendants' motion as a summary judgment motion.

Turning to Defendants' motion, as Plaintiffs have argued, Defendants' motion fails for at least two reasons.  First, none of the assertions of fact in Defendants' motion are supported by affidavit or admissible evidence as required by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 56(c) ("The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").  The Assignment Defendants have attached to their motion is not properly authenticated and does not constitute evidence before this court.  *See* Fed. R. Evid. 901 ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.")  Thus, the court cannot accept any of the factual statements or assertions as true.

Second, Defendants claim in their Motion to Dismiss that their personal interests have been assigned to Tirado Enterprises, and therefore no contractual privity between Plaintiff and these individual Defendants exists; however, the Assignment upon which Defendants' motion relies shows on its face that the assignment was from Eric and Erica Tirado to Tirado Enterprises and Eric and Erica Tirado.  Thus, the effect of the assignment was merely to add Tirado Enterprises as an assignee

4

and franchisee and not to remove Eric and Erica Tirado as franchisees.  Therefore, the document on its face demonstrates that the Motion to Dismiss totally lacks merit.

As a result, because none of Defendants' assertions of fact are properly supported, and because the Assignment demonstrates on its face that Defendants' motion is without merit, the court recommends that Defendants' Motion to Dismiss be denied.

### B.  Motion to Strike

The court next addresses Plaintiff's Motion to Strike. Plaintiff argues Defendants' Motion to Dismiss should be stricken because Defendants failed to adhere to all the rules of procedure in presenting that motion.  Although the court agrees that Defendants did not adhere to all the rules in presenting their motion, as set forth above, the court recommends that the motion should not be stricken, but denied.  Defendants are required to adhere to the rules of procedure, but, as explained above, because they are proceeding pro se, the court may give them more leeway in presenting their case.  In this instance, the court has opted to consider Defendants' motion despite its procedural irregularities.  As a result, the court recommends that Plaintiff's Motion to Strike be denied.

### C. Motion to Dismiss Answer and Enter Default Judgment

Finally, the court addresses Plaintiff's Motion to Dismiss Defendant Tirado Enterprises' Answer and Enter Default Judgment against that defendant.

Plaintiff's motion is based on the fact that Defendant Eric Tirado, who is not an attorney and who has not been admitted to practice on behalf of Tirado Enterprises, filed the answer on behalf of the corporation. Plaintiff is correct that Defendant Eric Tirado cannot represent the corporation because he is not an attorney. *See DCR Fund I, LLC v. TS Family Ltd. P'ship*, 261 Fed. Appx. 139, 146 n.6 (10th Cir. 2008) ("'[A] corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.'" (Citation omitted.)). Thus, Eric Tirado could not properly file an answer on behalf of Tirado Enterprises, and, as a result, the court agrees with Plaintiff that Defendant Tirado Enterprises' answer should be stricken.

Consequently, Tirado Enterprises has not entered a proper response to Plaintiff's complaint. Because of that, Plaintiff seeks to obtain a default judgment against this defendant. However, as explained above, because Defendants are proceeding pro se, the court gives them leeway it would not otherwise allow. As a result, the court recommends that rather than enter default judgment at this time, the court allot Defendant Tirado Enterprises sixty days from the date of the court's order to obtain counsel and file a responsive pleading in this case.

**RECOMMENDATION**

Based on the above analysis, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss (Docket Entry #10) be **DENIED**; that

Plaintiff's Motion to Strike Defendant's Motion to Dismiss (Docket Entry #14) be **DENIED**; that Plaintiff's Motion to Strike Defendant Tirado Enterprises' answer be **GRANTED** (Docket Entry #16); and that Plaintiff's Motion for Default Judgment against Defendant Tirado Enterprises (Docket Entry #16) be **DENIED** at this time.  **IT IS FURTHER RECOMMENDED** that if Defendant Tirado Enterprises does not obtain proper representation and properly enter a responsive pleading within sixty days of the court's order, that Plaintiff's Motion for Default Judgment be granted at that time.

Copies of the foregoing report and recommendation are being mailed to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 14th day of October, 2009.

BY THE COURT:

_____
SAMUEL ALBA
United States Magistrate Judge